UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EAST WEST BANK, | |
| Appellant, | 2:09-CV-02224-PMP-LRL |
| v. | |
| RAVELLO LANDING, LLC, | <u>OPINION</u> |
| Appellee. | |

   Presently before the Court is Appellee's Motion for Rehearing of Opinion Reversing in Part and Remanding Confirmation Order (Doc. #65), filed on September 21, 2010. Appellant East West Bank filed an Opposition (Doc. #68) on September 27, 2010.

   The Court set forth the factual background in this matter in its Order (Doc. #64) and the Court will not repeat the facts here except where necessary. Appellee Ravello Landing, LLC ("Debtor") seeks reconsideration of this Court's Opinion reversing and remanding the matter to the Bankruptcy Court on two bases. First, Debtor argues that the Court made an error of law in holding that a confirmable plan must meet at least one of the three provisions of 11 U.S.C. § 1129(b)(2)(A). Second, Debtor argues the Court erred by determining that the Plan did not meet § 1129(b)(2)(A)(ii) because the Bankruptcy Court made no findings regarding this provision and the parties did not argue it. Debtor requests the Court remand that issue along with the question of whether the Plan is confirmable under § 1129(b)(2)(A)(iii).

   East West Bank responds that the Court already ruled on the first issue and Debtor does not provide any basis for reconsideration. As to the second issue, East West

Bank argues that Debtor addressed this issue in its appellate brief and conceded that its Plan was only similar to, but did not comply with, § 1129(b)(2)(A)(ii).  Moreover, East West Bank argues that the Plan does not comply with § 1129(b)(2)(A)(ii), as it contemplates a sale as only one of three possible options.

"Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision."  In re Hessco Indus., Inc., 295 B.R. 372, 375 (9th Cir. BAP 2003) (citing Armster v. U.S. Dist. Ct., C.D. Cal., 806 F.2d 1347, 1356 (9th Cir. 1986)).  A motion for rehearing is not an avenue to re-litigate the same issues and arguments upon which the Court already has ruled.  Id.  Whether to grant rehearing lies within the Court's discretion.  In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005).

The Court, in its discretion, will deny rehearing as to the first issue.  Debtor's motion for rehearing on this issue is a rehashing of arguments and issues the Court already has considered and decided.

The Court, in its discretion, also will deny rehearing on the second issue.  In its appellate brief, Debtor argued that its Plan is "similar" to § 1129(b)(2)(A)(ii), but suggested that a Plan such as Debtor's, which contains a mixture or variants of the provisions of § 1129(b)(2)(A), "are analyzed under the 'indubitable equivalent' standard in Section 1129(b)(2)(A)(iii)," and argued that such plans "could be analyzed under Section 1129(b)(2)(A)(i) of the Bankruptcy Code as well."  (Appellee's Br. at 18.)  Consequently, Debtor argued its Plan was confirmable under § 1129(b)(2)(A)(i) or (iii).  Debtor did not contend its Plan was confirmable under § 1129(b)(2)(A)(ii).

As the Court stated in its Opinion, whether a plan meets one of the three requirements in § 1129(b)(2)(A) is a question of law which this Court reviews de novo, and the Court may affirm the Bankruptcy Court's confirmation order on any basis supported by the record.  (Opinion (Doc. #64) at 17.)  Consequently, the Court did not err by reviewing

de novo the question of whether the Plan meets § 1129(b)(2)(A)(ii)'s requirements. Nor did the Court err in concluding it does not. The Plan does not contemplate the sale of the property free and clear of EWB's lien, with EWB's lien to attach to the proceeds of such sale. Rather, such a sale is just one of three possible outcomes, one of which is resort to East West Bank's state law remedies if neither a sale or refinance occurs within the three-year period. The Court will deny Debtor's request for remand for further factual findings as, unlike the indubitable equivalence question, no further factual findings will illuminate this issue.

IT IS THEREFORE ORDERED that Appellee's Motion for Rehearing of Opinion Reversing in Part and Remanding Confirmation Order (Doc. #65) is hereby DENIED.

DATED: October 20, 2010

_____
PHILIP M. PRO
United States District Judge